**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMAAL GITTENS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDGE MELISSA T. PAVLACK | : | NO. 20-683 |

**MEMORANDUM**

**Savage, J.**                                                           **July 22, 2020**

Plaintiff Jamaal Gittens, acting *pro se*, has filed a Complaint and an application to proceed *in forma pauperis*.  Because it appears that Gittens is unable to afford to pay the filing fee, we shall grant him leave to proceed *in forma pauperis*.  After reviewing the Complaint, we shall dismiss it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**Factual Allegations[1]**

Gittens brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendant, Judge Melissa T. Pavlack, of the Lehigh County Court of Common Pleas.  In his Complaint, Gittens alleges that Judge Pavlack violated his rights under the Thirteenth Amendment when she "enslaved [him] into involuntary servitude, by seizing [his] banking assets" based on her "belief that [Gittens] owed $4,939.62 in child support to Elizabeth McDonald."[2]  Gittens further contends that Judge Pavlack has "a contract with the government[] to locate noncustodial parents" in an effort to establish paternity.  He characterizes this "contract" as "a conspiracy to deny equal protection, due process, [and

---

[1] The facts set forth in this Memorandum are taken from Gittens's Complaint and all the documents and exhibits attached thereto.

[2] Compl. at 2 (Doc. No. 2).

the] right to privacy[.]"³  (*Id.*)  Included with the Complaint is a copy of an "Order to Freeze

Assets" signed by Judge Pavlack on January 23, 2020 and entered pursuant to

Pennsylvania law governing enforcement of child support obligations.⁴  Gittens appears

to claim that the Thirteenth Amendment prevents Judge Pavlack from entering a judgment

against him or his assets.⁵  Based on these allegations, Gittens seeks damages in an

unspecified amount.⁶

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails

to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

governed by the same standard applicable to motions to dismiss under Federal Rule of

Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999),

which means the complaint must contain "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  "[M]ere conclusory statements do not suffice."  *Id.*  Because

---

³  *Id.*  Gittens previously filed a lawsuit pursuant to § 1983 in the United States District Court for the Western District of Pennsylvania which named Judge Elizabeth K. Kelly of the Erie County Court of Common Pleas and the Domestic Relations section of the Erie County Court of Common Pleas as defendants.  *See Gittens v. Kelly*, --- F. App'x ---, Civ. A. Nos. 18-1340 & 18-2841, 2019 WL 5691809, at *1 (3d Cir. Nov. 4, 2019).  In that action, Gittens challenged "a state court order declaring him to be the biological father of a child and requiring him to pay child support."  *Id.*  Gittens "sought monetary damages and vacatur of the state court order."  *Id.*  On appeal, the United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of Gittens's § 1983 claims on the basis of the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and Eleventh Amendment immunity.  *Id.* at *1-2.  The Third Circuit also noted that Gittens's claims against Judge Kelly were also barred by judicial immunity, despite Gittens's conclusory claims that the judge acted outside of her judicial capacity.  *Id.* at *2.

⁴  Compl. at 5–6.

⁵  *Id.* at 3.

⁶  *Id.*  We do not read the Complaint to seek the invalidation of the state court Order, but merely, an award of monetary damages for allegedly violating Gittens's rights by entering that Order.

plaintiff is proceeding *pro se*, we construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

Gittens's Complaint alleges claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

We read Gittens's Complaint to allege a claim for monetary damages against Judge Pavlack in her individual capacity on the basis that the Order she entered freezing Gittens's bank assets in relation to the enforcement of child support obligations violated his Thirteenth Amendment rights.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, the only allegations against Judge Pavlack are complaints arising from judicial determinations she made and an order she entered in the course of proceedings

concerning his child support obligations.  Gittens has not set forth any facts suggesting that Judge Pavlack acted in an absence of jurisdiction.  Accordingly, Judge Pavlack is entitled to absolute immunity in these circumstances.[7]  *See Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (finding that the district court properly dismissed § 1983 claims by a *pro se* litigant brought against New Jersey Superior Court judges on the basis of judicial immunity where the judges acted in the course of child support proceedings); *see also Gittens*, 2019 WL 5691809, at *2 (affirming the district court's dismissal of Erie County Court of Common Pleas judge on the basis of judicial immunity in a child support matter brought against Gittens).  Therefore, because Gittens's claims are barred by judicial immunity, his claims will be dismissed with prejudice as amendment would be futile.

/s/ TIMOTHY J. SAVAGE J.

---

[7] To the extent Gittens's Complaint could be read to allege claims against Judge Pavlack in her official capacity, they are also dismissed with prejudice on the basis of Eleventh Amendment immunity.  Claims brought against Judge Pavlack in her official capacity are really claims brought against the Commonwealth of Pennsylvania because, as a Court of Common Pleas judge, Judge Pavlack is considered an official of the Commonwealth entitled to Eleventh Amendment Immunity.  *Van Tassel v. Lawrence Co. Domestic Relations Section*, 659 F.Supp.2d 672, 676-82 (W.D. Pa. 2009), *aff'd*, 390 F. App'x 201 (2010) (recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment immunity with respect to official capacity claims).